# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

DION G. WILKINS,                                  Case No. 1:14-cv-559
      Petitioner,

                                                  Dlott, J.
      vs.                                        Wehrman, M.J.

WARDEN, CHILLICOTHE                               **REPORT AND**
CORRECTIONAL INSTITUTION,                         **RECOMMENDATION**
      Respondent.

Petitioner, an inmate at Chillicothe Correctional Institution in Chillicothe, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2007 convictions and aggregate prison sentence following a jury trial in consolidated criminal cases tried before the Clinton County, Ohio, Court of Common Pleas.  (*See* Doc. 1; *see also* Doc. 10, Exs. 1, 3, 5, 11-13).  The respondent has filed a motion to dismiss the petition on the ground that it is time-barred under 28 U.S.C. § 2244(d).  (Doc. 10).  Petitioner has filed a brief opposing respondent's motion to dismiss.  (Doc. 11).

Upon review of this Court's docket records, it appears that the Court lacks jurisdiction to consider respondent's motion to dismiss because petitioner filed a previous § 2254 habeas petition challenging the same convictions and sentences, which was adjudicated on the merits. *See Dion Wilkins v. Warden, Chillicothe Corr. Inst.,* No. 1:09cv781 (Spiegel, J.; Hogan, M.J.) (Docs. 17, 21).  Although neither party has raised the issue whether the instant petition is a second or successive petition within the meaning of 28 U.S.C. § 2244(b), it is appropriate for the Court to *sua sponte* consider the question because it involves the Court's subject matter jurisdiction to hear this matter.  *See Anderson v. Bell*, No. 3:06-0349, 2006 WL 2548552, at *1

(M.D. Tenn. Aug. 31, 2006) (citing *Ohio v. Doe*, 433 F.3d 502, 506 (6th Cir. 2006); *Alley v. Bell*, 392 F.3d 822, 828 (6th Cir. 2004)) (holding that the untimeliness of the respondent's motion to dismiss or transfer a successive habeas petition did "not affect th[e] Court's unfailing obligation to police its subject matter jurisdiction"); *see also Hammond v. Trombley*, No. 2:06cv15291, 2006 WL 3500870, at *1 (E.D. Mich. Dec. 4, 2006) (*sua sponte* considering the successive petition issue and holding that because the petition at issue appeared to be a second or successive petition under § 2244(b), "it would be error for this Court to dismiss the petition as being time barred" ).

## I.  BACKGROUND

### State Proceedings

Petitioner was indicted by the Clinton County grand jury in the consolidated criminal cases on charges of trafficking in cocaine with firearm specification, trafficking in crack cocaine with firearm specification, trafficking in heroin with firearm specification, having weapons while under disability, and trafficking in marijuana.  (*See* Doc. 10, Exs. 1, 3).  Following a jury trial, petitioner was found guilty as charged and was sentenced on March 16, 2007 to an aggregate prison term of fifteen years and four months.  (*Id.*, Exs. 11-13).[1]

Petitioner pursued an appeal to the Ohio Court of Appeals, Twelfth Appellate District.  In his appellate brief, he asserted four assignments of error, including a claim challenging the imposition of consecutive sentences.  (*Id.*, Exs. 14-15).  On June 9, 2008, the Ohio Court of

---

[1] A typographical error in the original sentencing entry was corrected by a "nunc pro tunc" entry issued March 22, 2007 to properly reflect that the sentence imposed for the marijuana trafficking offense was 11 months, "not 11-years."  (Doc. 10, Ex. 28).

Appeals overruled the assignments of error and affirmed the trial court's judgment of conviction and sentence.  (*Id.*, Ex. 18).  Petitioner appealed further to the Ohio Supreme Court, which issued a decision on October 29, 2008 denying petitioner leave to appeal and dismissing the appeal "as not involving any substantial constitutional question."  (*Id.*, Ex. 21).

On September 8, 2008, petitioner filed a *pro se* motion under Ohio R. App. P. 26(B) with the Ohio Court of Appeals, requesting that the direct appeal be reopened based on a claim of ineffective assistance of appellate counsel.  (*Id.*, Ex. 22).  The Ohio Court of Appeals denied the reopening application on January 8, 2009, and on May 6, 2009, the Ohio Supreme Court summarily dismissed petitioner's appeal from that decision "as not involving any substantial constitutional question."  (*Id.*, Exs. 24, 27).

Petitioner did not take any further action to challenge his convictions or aggregate prison sentence in the state courts until he filed a *pro se* petition for post-conviction relief with the trial court on March 25, 2013, nearly four years after the Ohio Supreme Court issued the final ruling in the reopening matter.  (*Id.*, Ex. 29).  In his post-conviction petition, petitioner challenged his consecutive sentences, which he claimed were "void" because they did "not comply with statutory requirements" and violated the Constitution's Double Jeopardy Clause.  (*See id.*).  On May 6, 2013, the trial court denied petitioner's application for post-conviction relief.  (*Id.*, Ex. 30).  Petitioner appealed to the Ohio Court of Appeals, Twelfth Appellate District, which issued a decision on December 9, 2013 affirming the trial court's judgment on the ground that the post-conviction petition was untimely and, in any event, the doctrine of *res judicata* barred the court from considering the petitioner's claims which were or should have been raised on direct appeal.  (*Id.*, Ex. 33).  Petitioner appealed that decision to the Ohio Supreme Court.  (*Id.*, Exs. 34-35).

On May 14, 2014, the Ohio Supreme Court declined to accept jurisdiction of the appeal.  (*Id.*, Ex. 36).

### Prior Federal Habeas Petition

Petitioner filed his first habeas petition with this Court in October 2009, after the state reopening proceedings had concluded but before he sought post-conviction relief in the state courts.  In the *pro se* petition filed pursuant to 28 U.S.C. § 2254, petitioner alleged nine grounds for relief.  *See Dion Wilkins v. Warden, Chillicothe Corr. Inst.,* No. 1:09cv781 (Spiegel, J.; Hogan, M.J.) (Doc. 3).  In Grounds One through Six, petitioner asserted claims that had been presented on direct appeal and in the reopening application, including the claim raised on direct appeal challenging the imposition of consecutive sentences.  *See id.*  In Grounds Seven through Nine, petitioner asserted three new claims that had not been presented to the state courts. Specifically, he contended that (1) he was denied the right to a fair and impartial jury chosen from a fair cross section of the community; (2) his Sixth Amendment right to confront witnesses was violated by the introduction of a videotape into evidence; and (3) he was denied a fair trial due to prosecutorial misconduct.  *See id.*  Petitioner filed motions requesting that the action be stayed so that he could exhaust the three new claims in the state courts.  *See id.* (Docs. 4, 13).

On September 2, 2010, the Magistrate Judge issued a Report and Recommendation to deny the petitioner's motions for stay on the ground that there was no state court remedy available for petitioner to pursue and, therefore, the unexhausted claims alleged in Grounds Seven through Nine should be dismissed with prejudice as waived.  *See id.* (Doc. 17).  The Magistrate Judge also considered each of the remaining claims alleged in Grounds One through Six of the petition and determined that petitioner was not entitled to habeas relief based on such

claims. *Id.* On February 8, 2011, the District Court adopted the Report and Recommendation and entered final judgment denying petitioner's petition for habeas corpus relief with prejudice. *Id.* (Docs. 21-22).

Petitioner appealed to the United States Court of Appeals for the Sixth Circuit. *Id.* (Doc. 24). Although petitioner was granted a certificate of appealability with respect to one of his claims for relief, the appeal was ultimately dismissed on January 23, 2012 for want of prosecution. *Id.* (Doc. 27).

**Current Federal Habeas Petition**

As discussed above, over two years after his first federal habeas petition was denied in February 2011, petitioner sought post-conviction relief in the state courts. (*See* Doc. 10, Ex. 29). Petitioner commenced the instant federal habeas corpus action in July 2014, less than two months after the Ohio Supreme Court issued the final ruling in the state post-conviction proceedings. (*See* Doc. 1; *see also* Doc. 10, Ex. 36). Although the petition is not clear, it appears that petitioner is challenging the consecutive sentences that were imposed by the trial court in March 2007 on the ground that they violate the Constitution's Double Jeopardy Clause. (*See* Doc. 1).

**II. OPINION**

**This Court Lacks Jurisdiction To Consider The Petition, Which Should Be Transferred To The Sixth Circuit Because It Is A Successive Petition Within The Meaning Of 28 U.S.C. § 2244(b)**

Pursuant to 28 U.S.C. § 2244(b)(1), the federal district court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition. In addition, the court must dismiss a claim presented in a second or successive petition, which the

5

petitioner did not include in the prior petition, unless: (1)(a) petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (b) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; **and** (2) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals.  28 U.S.C. § 2244(b)(3).  The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above.  *Id.*

The subsequent petition must relate to the same conviction or sentence under attack in the prior petition to be "successive" within the meaning of the statute.  *See In re Page,* 179 F.3d 1024, 1025 (7th Cir. 1999) (and cases cited therein).  However, not all subsequent petitions relating to the same conviction or sentence are considered successive.  *See Stewart v. Martinez-Villareal,* 523 U.S. 637 (1998).  Otherwise, "a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review."  *Id.* at 645.

Courts have held that a later petition is not successive where the first petition was dismissed as premature, *see id.*; the first petition was dismissed without prejudice for failure to exhaust state court remedies, *see Slack v. McDaniel,* 529 U.S. 473, 485-86 (2000); *Carlson v. Pitcher,* 137 F.3d 416 (6th Cir. 1998); the second petition was filed after a remedial appeal

6

ordered in response to the prior petition, *see Storey v. Vasbinder*, 657 F.3d 372, 377-78 (6th Cir. 2011); or the first petition was dismissed because petitioner failed to either pay the filing fee or provide proper support for his application for pauper status, *see Stewart,* 523 U.S. at 645 (citing *Marsh v. United States Dist. Court for the N. Dist. of California,* No. C-94-0581-VRW, 1995 WL 23942 (N.D. Cal. Jan. 9, 1995)). In all of those contexts, the district court had jurisdiction to consider the subsequent petitions without first obtaining authorization from the court of appeals, because the prior dispositions were not "on the merits." *See Slack,* 529 U.S. at 485-86; *Carlson,* 137 F.3d at 419; *Camarano v. Irvin,* 98 F.3d 44, 46-47 (2nd Cir. 1996); *cf. Storey*, 657 F.3d at 377-78 (where initial petition involved disposition of only one constitutional claim—*i.e.*, whether the petitioner was entitled to a new direct appeal).

In contrast, when a prior petition is dismissed because the petitioner procedurally defaulted his claims in state court, the dismissal is considered "on the merits." In such a case, the prisoner must obtain authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent federal habeas application. *In re Cook,* 215 F.3d 606, 608 (6th Cir. 2000); *Carter v. United States,* 150 F.3d 202, 205-06 (2nd Cir. 1998). Similarly, when the prior petition is dismissed on the ground that it is barred by the statute of limitations, the dismissal is an adjudication of the merits of the claims, and petitioner must obtain prior authorization from the court of appeals entitling him to file a subsequent petition for habeas corpus relief. *See, e.g., McNabb v. Yates,* 576 F.3d 1028, 1030 (9th Cir. 2009); *Murray v. Greiner,* 394 F.3d 78, 81 (2nd Cir. 2005); *Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003); *Staffney v. Booker,* No. 2:09cv14553, 2009 WL 4506425, at *1 (E.D. Mich. Nov. 25, 2009) (transferring the petition to

7

the Sixth Circuit as a successive petition).[2]

The Supreme Court has held that a habeas corpus petition is not successive and, therefore, § 2244(b) does not apply when it is the first application challenging a new judgment, such as a new sentence imposed on resentencing, that occurs between habeas proceedings. *See Magwood v. Patterson*, 561 U.S. 320, 331-39 (2010). The *Magwood* Court expressly refused to address whether the habeas petitioner is allowed to challenge "not only his resulting, *new* sentence, but also his original, *undisturbed* conviction" in the subsequent application. *Id.* at 342 (emphasis in original). However, as the Supreme Court went on to note in *Magwood*, 561 U.S. at 342 n.16, several courts, including the Sixth Circuit, have held that the subsequent application is permitted only to the extent that the petitioner complains of errors that "originated at resentencing" which could not have been addressed in the earlier petition. *See, e.g., Lang v. United States*, 474 F.3d 348, 351-53 (6th Cir. 2007) (and cases cited therein); *Ocampo v. United States*, No. 06-20172, 2014 WL 859841, at *3 (E.D. Mich. Mar. 5, 2014) (citing *Lang* and *Ajan v. United States*, 731 F.3d 629 (6th Cir. 2013)), *appeal dismissed*, No. 14-1335 (6th Cir. Apr. 21, 2014); *Barclay v. Tibbles*, No. 5:13cv124, 2014 WL 809197, at *5, *10 (N.D. Ohio Feb. 28, 2014); *Ellison v. Timmerman-Cooper*, No. 1:10cv595, 2011 WL 7946038, at *2 (S.D. Ohio Sept. 20, 2011) (Merz, M.J.) (Report & Recommendation), *adopted*, 2012 WL 1898629 (S.D. Ohio May 23, 2012) (Spiegel, J.); *see also Banks v. Bunting*, No. 5:13cv1472, 2013 WL 6579036, at *1, *5-7 (N.D. Ohio Dec. 13, 2013) (holding that the petitioner's claim that his "guilty plea was

---

[2]*Contrast Gonzalez v. Crosby,* 545 U.S. 524, 535-36 (2005) (a motion for relief from judgment under Fed. R. Civ. P. 60(b), which "challenges only the District Court's previous ruling on the AEDPA statute of limitations, ... is not the equivalent of a successive habeas petition").

not voluntary and knowing because he was not properly advised regarding the post-release control portion of his sentence" was successive within the meaning of 28 U.S.C. § 2244(b) because the claim "attack[ed] the validity of his underlying conviction rather than any error that arose out of his resentencing hearing" limited to proper imposition of post-release control); *Askew v. Bradshaw*, No. 5:12cv131, 2013 WL 5279357, at *1, *9-11 (N.D. Ohio Sept. 18, 2013) (holding that a habeas petition was successive because the petitioner's claims amounted to an attack on the validity of the petitioner's original conviction and sentence and not his resentencing to the proper term of post-release control), *appeal filed*, No. 13-4171 (6th Cir. Oct. 7, 2013); *Myers v. Coleman*, No. 2:12cv975, 2013 WL 3984282, at *4-6 (S.D. Ohio Aug. 1, 2013) (Abel, M.J.) (Report & Recommendation) (concluding that two grounds for relief were successive because they related to the initial judgment of conviction, rather than petitioner's resentencing, and thus could have been raised in his prior habeas petition), *adopted as modified on other grounds*, 2013 WL 5441755, at *3-4 (S.D. Ohio Sept. 27, 2013) (Frost, J.).

Here, it is clear from the face of the instant petition that petitioner is attacking the same convictions and aggregate prison sentence that he challenged in his prior federal habeas petition, which was denied on the merits. Petitioner has not been resentenced, nor is he seeking to challenge any "new judgment." Although petitioner couches his claim for relief as contesting the denial of his post-conviction petition filed after his first habeas petition was denied, the judgment he seeks relief from is the aggregate sentence that was imposed in, and has remained in effect since, March 2007. *Cf. Carnail v. Bradshaw*, No. 1:12cv1042, 2015 WL 235849, at *10-11 (N.D. Ohio Jan. 16, 2015) (holding that *Magwood* did not apply and that second habeas petition challenging original judgment of conviction was successive even though the post-release

9

control portion of the petitioner's sentence was modified on resentencing after the first habeas petition was denied).  Furthermore, although petitioner has posited a new double jeopardy argument that was not asserted in his prior habeas petition, his petition is successive under 28 U.S.C. § 2244(b)(2) because he has not shown that such argument relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable, or that the factual basis for the argument could not have been discovered previously through the exercise of due diligence.

Accordingly, in sum, the undersigned concludes that the instant habeas corpus petition is successive within the meaning of 28 U.S.C. § 2244(b).  Therefore, in the absence of prior authorization from the Sixth Circuit, this Court lacks jurisdiction to consider the respondent's pending motion requesting that the petition be dismissed on the ground that it is time-barred. (*See* Doc. 10).

When a prisoner has filed a successive petition for habeas corpus relief in the district court without first obtaining authorization from the Court of Appeals, the district court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3).  *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States,* 95 F.3d 119, 122 (2nd Cir. 1996)); *see also Withers v. Warden, Chillicothe Corr. Inst.*, No. 2:15cv129, 2015 WL 965674, at *2-3 (S.D. Ohio Mar. 4, 2015) (Kemp, M.J.), *adopted*, 2015 WL 1212556 (S.D. Ohio Mar. 16, 2015) (Economus, J.).

## IT IS THEREFORE RECOMMENDED THAT:

Because this Court lacks jurisdiction in this matter involving a successive habeas petition

within the meaning of 28 U.S.C. § 2244(b), the petition should be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit for review and determination whether the district court should be granted authorization to entertain the habeas corpus petition and/or respondent's pending motion to dismiss the petition on statute-of-limitations grounds.

Date:   6/24/15                   s/ J. Gregory Wehrman    
                                          J. Gregory Wehrman
                                          United States Magistrate Judge

11

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DION G. WILKINS,                              Case No. 1:14-cv-559
     Petitioner,

     vs                                     Dlott, J.
                                      Wehrman, M.J.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
     Respondent.


### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc

12